# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DONACIANO GONZALES and MINERVA
GONZALES, his wife,

      Plaintiffs,

  -vs-                                                          No. CIV 97-1145 LH/LFG

FURR'S SUPERMARKETS, INC., a foreign
corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Furr's Supermarket's [sic] Inc.'s Application for Review of Clerk's Order Settling Costs (Docket No. 130), filed August 4, 1999. Plaintiff has not responded. The Court, having considered Defendant's Application for Review and the applicable law and otherwise being fully advised, finds that Defendant's position is not well taken and the Application will be **denied**.

As the prevailing party at trial, Furr's Supermarkets moved for payment of costs, pursuant to D.N.M.LR Civ. 54. Defendant now objects to the Clerk's Order Settling Costs on grounds that it was not fully reimbursed for experts' fees incurred for depositions. The Court reviews the Clerk's assessment of costs *de novo*. *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 n.11 (1987).

It is well settled that "[u]nder the general costs statute, 28 U.S.C. § 1920, a party's expert witness fees are not recoverable except to the . . . per-day limit applicable to any witness." *Furr*, 824 F.2d at 1550 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). The

current allowable witness attendance fee is $40.00 per day.  *See* 28 U.S.C. § 1821(b).  As this is the rate at which costs were awarded for the deposition testimony of each of Defendant's expert witnesses, the Clerk's Order must stand.

**IT IS HEREBY ORDERED** that Defendant Furr's Supermarket's [sic] Inc.'s Application for Review of Clerk's Order Settling Costs (Docket No. 130), filed August 4, 1999, is **DENIED**, and the Clerk's Order Settling Costs is **AFFIRMED**.

											_____
											**UNITED STATES DISTRICT JUDGE**